IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

GRANT JENSEN, Nebraska
Department Correctional Services
Behavioral Case Worker, in his
individual compacity;  PHAROL,
Nebraska Department Correctional
Services Corporal, in her individual
compacity; AMANDA WOODSIDE,
Nebraska Department Correctional
Services Unit Case Manager, in her
individual compacity; ANNA LEWIS,
Nebraska Department Correctional
Services Behavioral Case Worker, in
her individual compacity;  WIETZ,
Nebraska Department Correctional
Services LT., in her individual
compacity; LEXI WAGNER, Nebraska
Department Correctional Services
Corporal, in her individual compacity;
NOVAK, Nebraska Department
Correctional Services LT., in his
individual compacity; ELEZEBETH
HICKMAN, Nebraska Department
Correctional Services Psychologist
phD, in her individual compacity;
KERRI PAULSON, Nebraska
Department Correctional Services
LIMHP (Licensed Independent Mental
Health Practicioner), in her individual
compacity; MANDI DAVIS, Nebraska
Department Correctional Services
Nurse, in her individual compacity;
KALA KRUSHORN, Nebraska

8:25CV724

MEMORANDUM  AND ORDER

Department Correctional Services Nurse, in her individual compacity; WILLIAM JOHNSON, Nebraska Department Correctional Services Psychiatrist M.D. Doctor, in his individual compacity; JERAMIA NATION, Incarcerated Individual of Nebraska Department Correctional Services, in his individual compacity; JUSTIN BUCSH, Incarcerated Individual of Nebraska Department Correctional Services Inmate, in his individual compacity; CHELSY PATAK, Nebraska Department Correctional Services Unit Case Worker, in her individual compacity; DOTY, Nebraska Department Correctional Services Sgt., in her individual compacity; ROTH, Nebraska Department Correctional Services Corporal, in her individual compacity; ALEN SMITH, Incarcerated Individual of Nebraska Department Correctional Services Inmate, in his individual compacity; MATTHEW PAVEY, Incarcerated Individual of Nebraska Department Correctional Services Inmate, in his individual compacity; CAROLL, Nebraska Department Correctional Services Sgt., in his individual compacity; ANTHONY NUCOME, Incarcerated Individual of Nebraska Department Correctional Services Inmate, in his individual compacity; MILES, Nebraska Department Correctional Services Corporal, in his individual compacity; NICKLES, Nebraska Department Correctional Services Sgt., in his individual compacity; JULIE GRADI, Nebraska

2

Department Correctional Services Corporal, in her individual compacity; JANE DOE, Nebraska Department State Patrol Female Officer, in her individual compacity; JOHN DOE, Nebraska Department State Patrol Male Officer Supervisor, in his individual compacity; JOHN AND JANE DOES, Any and All as listed defendants to be added based on investigation and discovery with this case or related past cases, filed by the pro se party plaintiff of 42 USC 1983; and SCORANO, Nebraska Department Correctional Services Corporal, in her individual compacity;

        Defendants.

This matter is before the Court on Plaintiff Austin Edward Lightfeather's complaint filed on December 16, 2025. Filing No. 1. Plaintiff is an inmate within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (DCDC). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

3

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II.  SUMMARY OF COMPLAINT

In January of 2023, Plaintiff was celled with another inmate, defendant Matthew Pavey. Plaintiff and Pavey had the same state trial judge, and Pavey was in the process of challenging his 2015 conviction and sentence in state post-conviction proceedings. Filing 1 at 4.

Plaintiff saw Pavey rifling through Plaintiff's personal and legal papers. Plaintiff believes Pavey was trying to overturn his criminal case by using

Plaintiff's information. Defendant Anna Lewis, a NDCS Behavioral Case Worker, came to Plaintiff's cell to speak with Pavey. Lewis was nervous around Plaintiff because she previously worked at the Lancaster County Jail, and she knew Plaintiff had killed a corporal at that facility in self-defense. Criminal cases for that killing were filed against Plaintiff in federal court, and in the Lancaster County District Court. They were dismissed. Filing 1 at 4.

Lewis convinced Pavey that if Plaintiff could get his case in the Lancaster District Court dismissed, Pavey could get his case before the same Lancaster County judge overturned. Filing 1 at 5. But the two cases were factually and legally different.

Pavey lost his state post-conviction motions in 2025, and his jealousy drove him to hate Plaintiff. Filing 1 at 6. Pavey, Lewis, NDCS Case Unit Manager Amanda Woodside, and NDCS Behavioral Case Worker Grant Jensen targeted Plaintiff at RTC. Jeramiah Nation, Justin Buesh, and Allen Smith, who were friends of Pavey, along with other inmates who knew Pavey wanted to help, told officers Plaintiff was a sex offender. That statement was false. Plaintiff has never been convicted or charged with sexual assault. Filing 1 at 6-7.

Plaintiff is suing every defendant named in the complaint, including Jensen, Woodside, Smith, Busch, Nation, and Pavey, for calling him a sex offender to ruin Plaintiff's character and name. Filing 1 at 7. Being labelled as a sex offender exposes Plaintiff to bullying and harm in prison. The defendants also attempted to bring in the Nebraska State Patrol (NSP) to lie about Plaintiff. Filing 1 at 8. Plaintiff alleges the defendants have conspired to slander him. Filing 1 at 8.

Plaintiff alleges the defendants are manipulating misconduct reports. Elizabeth Hickman, an NDCS psychologist, and Kerri Paulson, an NDCS

5

mental health practitioner, provided information to NDCS psychiatrist, William Johnson, M.D. to target Plaintiff for medication orders. To institutionally profile Plaintiff, Jensen wrote misconduct reports, and Hickman, Paulson, and Johnson assisted Jensen; Woodside; Corporals Pharol, Roth, Miles, Lexi Wagner, and Julie Gradi; Sergeants Doty, Caroll, and Nickles; and inmate Anthony Nucome.

Plaintiff is a straight, normal, autistic male. He is being sexually targeted and discriminated against by Lt. Wietz, Woodside, Pharol, Doty, and Roth, female defendants who identify as lesbians and gay transsexuals. Plaintiff alleges women have the power in a male-dominated prison, and these female defendants hate Plaintiff for his mature male point of view.

Plaintiff asks this Court to protect his name against slander by the defendants, and check the sex offender registry annually to monitor NSP and confirm Plaintiff's name is not listed on the registry. He requests an award of $75,000 from each defendant, with garnishment of wages for DCDC employees, all of whom were sued in their individual capacity. Filing 1 at 9. Plaintiff further asks the Court to transfer him to the Tecumseh State Correctional Institution (TSCI), and if that cannot be done, to order Plaintiff's release from prison. Filing 1 at 9.

## III. DISCUSSION

Plaintiff has sued 25 named defendants, in their individual capacities, and unnamed male NSP officers, female NSP officers, defendants to be identified during discovery. Of the named defendants, five are inmates and the remainder are NDCS employees. All defendants are served in only their individual capacities. Plaintiff alleges a right to recover against them under 42 U.S.C. § 1983 and 18 U.S.C. § 241.

6

## A. 18 U.S.C. § 241

Citing 18 U.S.C. § 241, Plaintiff alleges he is suing the defendants for engaging in a conspiracy to harm his character. Filing 1 at 8. Conspiracy to violate civil rights is a crime under 18 U.S.C. § 241, but this criminal statute does not support a private right of action to recover civil remedies. *U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998); *Welch v. S. Wolf*, 4:23CV3254, 2024 WL 5186893, at *2 (D.Neb. Dec. 20, 2024) (collecting cases). Plaintiff cannot assert a cognizable civil claim against the defendants under 18 U.S.C. § 241.

## B. 42 U.S.C. § 1983

### 1. Inmate Defendants

Plaintiff seeks recovery against Nation, Buesh, Smith, Pavey, and Nucome, inmates who are confined with Plaintiff. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). The inmate defendants are not state actors, and Plaintiff has not alleged a factual basis for claiming they acted under color of state law when spreading false rumors that Plaintiff is a sex offender. Plaintiff cannot bring a § 1983 claim against the inmate defendants. *Lightfeather v. Beatrice Sun Times*, 2021 WL 2002528, at *2 (D. Neb. 2021) (collecting cases).

### 2. Unnamed NSP Employees, in their Individual Capacities

Plaintiff alleges unnamed NSP officers as defendants. As to these defendants, his sole allegation is that the NDCS defendants "tried to bring the Nebraska State Patrol into my situation to lie [about] me. . . ." This allegation is wholly insufficient to state a claim that actions or inactions by any NSP officer violated Plaintiff's constitutional rights.

7

### 3. NDCS Employees, in their Individual Capacities

Plaintiffs allege he is labelled as a sex offender, received misconduct reports, and faces discrimination and hatred from female correctional officers. His allegations are very vague. He identifies no specific acts by any of the correctional officers that caused him to be erroneously labelled a sex offender. He does not allege who, specifically, was responsible, what happened as a result of being identified as a sex offender, and how he was impacted. "[T]he law does not go so far as to find that labeling a defendant a sex offender, even in the context of a prison or jail environment, will violate his Eighth Amendment right to be free from cruel and unusual punishment." *Bell v. Martinez*, No. 5:15-CV-05003, 2017 WL 3017716, at \*4 (W.D. Ark. July 17, 2017). Plaintiff has failed to allege a constitutional claim arising from the being labelled a sex offender.

Plaintiff identifies the female correctional officers that allegedly discriminate against him for being male. But he does not explain what they did or said and how that conduct impacted him. Similarly, he does not explain his allegations about misconduct reports with enough specificity to understand who submitted them, what they said, and how he was harmed as a result.

Plaintiff has failed to allege a § 1983 claim against the named NDCS employees, in their individual capacities.

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff has failed to allege a cognizable claim against any defendant. The complaint is subject to dismissal. But instead of dismissing the complaint at this time, the court will grant Plaintiff leave to file an amended complaint.

8

Accordingly,

IT IS ORDERED:

1.     Plaintiff shall have until April 9, 2026, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. Plaintiff is advised that any amended complaint filed will replace the initial complaint, not supplement it. So, if Plaintiff intends to file an amended complaint, he must include all the claims he wishes to pursue against all of the individuals against whom he wishes to proceed in any amended complaint, without relying upon or incorporating by reference any allegations made in his initial complaint or in any prior lawsuit he filed.

2.     The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3.     The Clerk of Court is directed to set a pro se case management deadline using the following text: "April 9, 2026: check for amended complaint."

4.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 10th Day of March, 2026.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

9