IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

GRANT JENSEN, Nebraska Department
Correctional Services Behavioral Case
Worker, in his individual compacity;
AMANDA WOODSIDE, Nebraska
Department Correctional Services Unit Case
Manager, in her individual compacity; LEXI
WAGNER, Nebraska Department
Correctional Services Corporal, in her
individual compacity;  NOVAK, Nebraska
Department Correctional Services LT., in
his individual compacity; JERAMIA
NATION, Incarcerated Individual of
Nebraska Department Correctional
Services, in his individual compacity;
JUSTIN BUCSH, Incarcerated Individual of
Nebraska Department Correctional Services
Inmate, in his individual compacity; ALEN
SMITH, Incarcerated Individual of
Nebraska Department Correctional Services
Inmate, in his individual compacity;
MATTHEW PAVEY, Incarcerated
Individual of Nebraska Department
Correctional Services Inmate, in his
individual compacity; ANNA LEWIS,
Nebraska Department Correctional Services
Behavioral Case Worker, in her individual
capacity; and CARDIA JORDAN,
Incarcerated Individual of Nebraska
Department Correctional Services;

Defendants.

8:25CV724

MEMORANDUM AND
ORDER

This matter is before the Court on Plaintiff Austin Edward Lightfeather's amended complaint filed on March 24, 2026. Filing No. 11. Plaintiff is an inmate within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (DCDC). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at

849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff's amended complaint alleges as follows:

The defendants want Plaintiff to be harmed or even killed, so they have worked together to slander Plaintiff by spreading the false rumor that he is a sex offender who raped his own mother. Filing 11 at 3. This conduct began in 2023 and is still happening. Defendants Nation, Buesh, Smith, Pavey, and Jordan are inmates who are confined with Plaintiff. The remaining defendants are RTC employees. All the defendants lie about him, and they mock and laugh at him. On February 27, 2026, Jordan repeatedly encouraged Plaintiff to commit suicide. Such comments explain his frequent confinement on suicide watch.

Jensen, Woodside, and Wagner have spit in his food, and along with other RTC staff, have contaminated his food with urine and feces. Filing 11 at 4.

Plaintiff demands $150,000, in total, for having spit in his food; and an order transferring him to the Tecumseh State Correctional Institution (TSCI) to get away from the bullying and rumors or, in the alternative, an order releasing him from prison. Filing 11 at 5.

### III. DISCUSSION

Plaintiff seeks recovery from specifically named RTC inmates and employees. He claims his lawsuit is also against "the other listed defendants;" those being the defendants listed in his initial complaint, "such as Ana Lewis," Filing 11 at 2. The Court's prior order stated, "if Plaintiff intends to file an amended complaint, he must include all the claims he wishes to pursue against all of the individuals against whom he wishes to proceed in any amended complaint, without relying upon or incorporating by reference any allegations made in his initial complaint or in any prior lawsuit he filed." Filing 10 at 9. So, Plaintiff's amended complaint stands on its own, without incorporating allegations or defendants listed in his initial complaint.

A liberal reading of the amended complaint indicates he is raising claims against two groups of defendants: Nation, Buesh, Smith, Pavey, and Jordan (the inmate defendants), and Jensen, Woodside, Wagner, Novak, and Lewis, in their individual capacities (the RTC employee defendants).

#### A. RTC Employee Defendants

Plaintiff alleges the RTS staff and unit employees slandered him by calling him a sex offender. The amended complaint contains no specific allegations to support this broad statement, and Plaintiff does not specifically identify the named RTC employee defendants as participating in this alleged conduct.

While the amended complaint names Novak and Lewis as defendants, Plaintiff never mentions them in his allegations of fact. Plaintiff has therefore failed to state a claim against Novak and Lewis.

Plaintiff alleges Jensen, Woodside, and Wagner spit in his food, and at other times, they and other RTC employees contaminated his food with urine and feces. He provides no facts to explain why he believes his food was contaminated or why he thinks Jensen, Woodside, and Wagner were

4

responsible. His conclusory allegations fail to state a claim against Jensen, Woodside, and Wagner.[1] *See e.g., Pittman v. Gorman*, No. 423CV00031KGBPSH, 2023 WL 10511212, at *1 (E.D. Ark. Apr. 11, 2023), *report and recommendation adopted,* No. 423CV00031KGBPSH, 2024 WL 1289899 (E.D. Ark. Mar. 26, 2024) (finding unsupported claims of spitting in food were frivolous); *Roberts v. SECC Dep't of Corr.*, No. 1:22-CV-00004-SRC, 2022 WL 4016739, at *7 (E.D. Mo. Sept. 2, 2022) (dismissing claim that officers spit in inmate's food where the complaint contained no factual underpinnings in support of the claim).

Plaintiff's amended complaint fails to state a claim against Jensen, Woodside, Wagner, Novak, and Lewis.

### B. Inmate Defendants

Plaintiff seeks recovery against Nation, Buesh, Smith, Pavey, and Jordan, inmates who are confined with Plaintiff. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). The inmate defendants are not state actors, and Plaintiff has not alleged a factual basis for claiming they acted under color of state law when spreading false rumors that Plaintiff is a sex offender or prompting him to consider suicide. Plaintiff cannot bring a § 1983 claim against the inmate defendants. *Lightfeather v. Beatrice Sun Times*, 2021 WL 2002528, at *2 (D. Neb. 2021) (collecting cases).

---

[1] In *Lightfeather v. Armstrong et al,* 8:25-cv-00192-JMG-PRSE, Plaintiff alleges Wagner, Flood, and Miles are spitting in his food. *Id.,* Filing 63 at 4. In *Lightfeather v. Holister*, No. 8:23CV214, 2024 WL 1676779, at *5 (D. Neb. Apr. 18, 2024), Plaintiff claimed Murphy, Osuna, Mandoza, and Vasquez were spitting in his food.

Plaintiff alleges the inmate defendants slandered him by spreading and fomenting the sex offense rumor. Nebraska recognizes a common law claim for slander, but Plaintiff has failed to allege facts supporting diversity subject matter jurisdiction, and he has not stated a claim arising under federal law. Under the circumstances presented, the Court will not exercise supplemental jurisdiction over any claim arising under state law.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. After reviewing the allegations in Plaintiff's amended complaint, the Court finds Plaintiff has failed to state a claim upon which relief may be granted. This case will be dismissed.

Accordingly,

IT IS ORDERED:

1.     This matter is dismissed without prejudice.

2.     A separate judgment will be entered.

Dated this 1st day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

6